■   FRANK GURRIERI et al., as Copartners Doing Business under the Name of J & M FAMOUS MEATS, Appellants, v. GEORGE V. SPOHRER, Doing Business under the Name of AMITYVILLE FARMER'S MARKET, Respondent, et al., Defendant.— Motion by respondent to dismiss appeal on the ground that the appeal had not been taken within the time permitted by section 612 of the Civil Practice Act. Motion granted. The plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated July 25, 1960, which grants their motion to modify the demand of the defendant-respondent for a bill of particulars and orders that the bill of particulars be served within 10 days after service of. a copy of the order with notice of entry on the attorney for the plaintiffs. Presumably the plaintiffs are dissatisfied with the extent of the modification of the demand. The decision on plaintiffs' motion specified that an order in accordance with the decision was to be settled. The plaintiffs' attorney served a copy of the proposed order with notice of settlement. The order was signed on July 25 and was entered on July 26, 1960. Section 612 of the Civil Practice Act provides that the party entering the order shall not be entitled to further notice to limit his time to appeal. Therefore the plaintiffs were required to serve their notice of appeal within 30 days after entry of the order on July 26, 1960. The plaintiffs did not serve a copy of the order with notice of entry. On February 3, 1961, the respondent served a copy of the order with notice of entry on the attorney for the plaintiffs, in order to start the plaintiffs' time running for the service of the bill of particulars. This service by the respondent was made more than five months after the plaintiffs' time to appeal had expired. The plaintiffs served their notice of appeal by mail on Saturday, March 4, 1961, and the notice was received on March 6, 1961. The original notice of appeal with proof of service was filed on March 6, 1961. The attorneys for the respondent did not return the notice of appeal. On March 16, 1961, they served the instant motion papers to dismiss the appeal. The plaintiffs make no claim that, between March 6, 1961 and the date of receipt of the motion papers to dismiss the appeal, they took any action to perfect the appeal. In our opinion, even if it be assumed that there could have been a waiver of the plaintiffs' failure to serve their notice of appeal within the time limited by statute (but see Ocean Acc. & Guar. Corp. v. Otis El. Co., 291 N. Y. 254), nevertheless the mere retention of the notice of appeal by the respondent's attorneys for less than two weeks before they made the motion to dismiss the appeal was not a waiver of respondent's right to claim that the notice of appeal was not timely served and filed. Nor did respondent's attorneys' actions mislead and prejudice the plaintiffs so as to constitute conduct in the nature of an estoppel. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■   INVESTORS COLLATERAL CORP., Respondent, v. JOSEPH A. JOYCE et al., Appellants, et al., Defendants.— Motion by appellants to dispense with printing granted to the extent of permitting the appeal to be prosecuted on five typewritten copies of the record and on six typewritten copies of their brief. Appellants are directed to serve on respondent one copy of the typed record and one copy of the typed brief. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.